VINCENT MILLER (CALIFORNIA SBN 291973)
The Law Offices of Vincent Miller
14724 Ventura Boulevard, Penthouse
Sherman Oaks, CA 91403-3513
Telephone: (213) 948-5702
Attorney for Plaintiff Jennifer O'Neill

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER O'NEILL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HEDDA A. MOYE, aka HEDDA MOYE LEONARDI, an individual; CEDRIC LEONARDI, an individual; GYPSY SOUND REVOLUTION, aka GIPSY SOUND REVOLUTION; and DOES 1-10, inclusive<br><br>　　　　Defendants. | CASE NO: 2:16-cv-2912<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br>1　**COPYRIGHT INFRINGMENT AND OR**<br>2　**VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT**<br>3　**FRAUD**<br>4　**CONVERSION**<br>5　**BREACH OF FIDUCIARY DUTY**<br>6　**ACCOUNTING**<br>7　**INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>8　**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br>9　**BREACH OF CONTRACT**<br>10　**CONSTRUCTIVE TRUST**<br>11　**DECLARATORY AND INJUNCTIVE RELIEF**<br>12　**PUNITIVE DAMAGES**<br><br>**Jury Trial Demanded** |

Plaintiff JENNIFER O'NEILL ("Plaintiff" or "Ms. O'Neill" by and through her undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

**INTRODUCTION**

Plaintiff is an individual residing in California, who is writing a book "('The Work") based on her experiences in the music industry. The Plaintiff also manages rock and pop bands. Ms. O'Neill initially sold the rights to the book to a book Publisher. The Publisher has since relinquished the publishing rights to the Work and all rights have reverted back to Plaintiff who has copyrighted the Work. Defendant Hedda A. Moye ("Defendant Moye" or Ms. Moye") was at one time serving as the agent for selling the rights to the Plaintiff's book. Ms. O'Neill has terminated Ms. Moye as agent. However, Ms. Moye retains possession of copies of the Work and Plaintiff alleges upon information and belief that Defendant Moye is selling excerpts to the Work to third parties without authorization from Ms. O'Neill. Ms. O'Neill has demanded that Ms. Moye return all materials for the Work, including photographs, and to destroy all digital copies she has, but Ms. Moye refuses to return the materials. This action is brought to recover damages for direct, vicarious, and contributory copyright infringement arising out of the misappropriation of Plaintiff's exclusive work by the Defendants, and each of them.

Plaintiff also sues Defendants on other causes of action, including conversion and fraud. Plaintiff was serving with Defendant Moye as co-manager of a musical band, Gypsy Sound Revolution aka Gipsy Sound Revolution aka Gypsy All-Stars (hereinafter, "GSR" or "the Band"), when the Defendants stole Plaintiff's money and interfered with her business relations.

**JURISDICTION AND VENUE**

1.  This action arises out of the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq.*

2.  This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338 (a) and (b)

3.  Venue in this judicial district is proper under 28 U.S.C. §§ 1391 (c) and 1400 (a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4.  Plaintiff, Jennifer O'Neill (hereinafter, "Plaintiff" or "Ms. O'Neill"), is and was an individual, and is a resident of Los Angeles County, California.

5.  Plaintiff is owner and author of the Work, a book about the music industry. (Exhibit A.)

6.  Plaintiff applied for a copyright from the United States Copyright Office. (Exhibit B.)

7.  At all times mentioned herein, Defendants, Hedda A. Moye and Cedric Leonardi (hereinafter, "Mr. Leonardi" or "Defendant Leonardi"), are and were individuals, and residents of Los Angeles County, California.

8.  At all times mentioned herein, Defendant, Gypsy Sound Revolution aka Gipsy Sound Revolution is a musical band that was formed in Los Angeles, California. GSR records and rehearses in Los Angeles and performs in Los Angeles, as well as in other cities. The members of GSR are Mario Reyes, George Reyes, and Cedric Leonardi.

9.  Named Defendants, and DOES 1-10, may be collectively referred to as "Defendants."

10. Plaintiff is informed and believes and thereon alleges that some of the Defendant Does are media and publishers, which have published or are publishing excerpts from the Work without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate individual or otherwise, and capacities of defendants and herein as DOES are presently unknown to Plaintiff at this time, and therefore, Plaintiff sues defendants by such fictitious names. Plaintiff will seek to amend this complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the defendants designated as a DOE is responsible in some manner for the events alleged herein and the damages caused hereby.

11. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto each of Defendants acted in concert with each other, was the agent, affiliate, officer director, manager, principal, alter-ego, and/or employee of the remaining defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation to full knowledge of each and every wrongful conduct and Plaintiff's damages caused therefrom.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Plaintiff O'Neill and Defendant Hedda A. Moye were co- managers of the band, GSR, with an oral contract executed in 2013 for Ms. O'Neill and Ms. Moye to each receive 10% of the band proceeds. Ms. O'Neill was never paid her 10%; in fact, she was never paid any money out of band proceeds. Ms. O'Neill

alleges upon information and belief that band proceeds were at a minimum of $200,000 from 2013 to 2014 and that Ms. O'Neill was cheated out of at least $20,000 during this period.

13. On or around, February, 2015, Kate Ramos of Red Light Entertainment was unilaterally hired by Ms. Moye to serve as the main manager of the band, with Ms. Moye and Ms. O'Neill becoming assistant managers at that point. There was no discussion or agreement for Ms. O'Neill to reduce her 10% fee.

14. On or about 2013, Ms. O'Neill began working on her biography, the Work. Ms. Moye contacted Ms. O'Neill about serving as her agent to sell the book to a publisher, and Ms. O'Neill agreed. Ms. Moye and Ms. O'Neill agreed that Ms. Moye would receive 15% of any proceeds that Ms. O'Neill earned from a publishing deal, including 15% of any "front end" money and of any "back end money," as well as Royalties.

15. On or about June, 2013, Ms. O'Neill agreed to terms with a book Publisher for that company to publish the Work. The agreement called for Ms. O'Neill to be paid $40,000 up front, and another $30,000 on the back end as well as royalties. The publishing agreement spelled out that Ms. Moye would receive 15% of Ms. O'Neill's payment. The Publisher paid Ms. O'Neill the $40,000 up front money, and sent Ms. Moye her 15% ($6,000) directly, and sent Ms. O'Neill her $34,000 directly.

16. On or about June, 2013, Ms. Moye negotiated on behalf of Ms. O'Neill a deal with a magazine Publication for a "right of first refusal" to publish excerpts from the book. Ms. Moye unilaterally raised what percentage she'd earn from the book as she informed Ms. O'Neill that Ms. Moye would receive her "standard 40%" of monies from such a deal. Ms. Moye never showed the contract with the magazine Publication to Plaintiff, but told Ms. O'Neill that the amount paid by the Magazine was $10,000, which would mean that Ms. Moye would realize $4,000 as her 40% and Ms. O'Neill would realize $6,000. However, Ms. Moye told Ms. O'Neill that she was having financial difficulties and asked to borrow money. Ms. O'Neill agreed to let Ms. Moye borrow the $6,000 Ms. O'Neill earned from the magazine publication deal. Ms. Moye promised many times over the next years to repay the money, but has not done so.

17. Ms. Moye handled all of the band monies, did all accounting, and disbursed all payments to the GSR band members, to manager Kate Ramos, and to herself. On or about 2013 to 2015, Ms. Moye asked Ms. O'Neill to lend money to the band to cover band tour expenses and agreed that Ms. O'Neill would be reimbursed out of band proceeds from monies earned on their first tour. Ms. O'Neill lent the band $20,000 and has to this day still not been repaid any of the money.

18. Plaintiff alleges upon information and belief that Ms. Moye and Mr. Leonardi and Doe Defendants stole and converted the $20,000 and used it for their personal expenses; Ms. Moye acknowledged that she and the band owed this money to Ms. O'Neill.

19. On or about, October, 2015, Ms. O'Neill reached out to Kate Ramos and Doe Defendants to assist with recovering her money. The GSR band members acknowledged that Ms. O'Neill lent the money to the band through Ms. Moye. The band members and Ms. Ramos informed Ms. O'Neill that Ms. O'Neill would be paid out of the band's next tour proceeds. Ms. O'Neill was never paid by Defendant GSR, which has converted Plaintiff's monies for its own use.

20. Ms. Moye succeeded in sabotaging Ms. O'Neill's relationship with the band which ultimately "threw" Ms. O'Neill "under the bus," reneging on their agreement to pay Ms. O'Neill the $20,000 owed to her.

21. Ms. Moye destroyed Ms. O'Neill's relationship with the band, which, on or about December, 2015, ceased working with her, ending its agreement with her to serve as manager and assistant manager. Ms. O'Neill lost at a minimum, $100,000 in lost future earnings as a result of Ms. Moye's interference with her contract and relationship with GSR.

22. Plaintiff has over 20 Years experience in the music business working with some of the most highly regarded artists in the business. Defendant Moye had zero experience in the music business and approached Plaintiff and asked Ms. O'Neill to co-manage and help her develop the band and establish it. Plaintiff spent countless hours guiding and introducing Ms. Moye to contacts and providing advice for which Plaintiff has not been compensated. Plaintiff worked regularly, for at least several hours each week, including touring with the band many times, for over two years. Plaintiff alleges upon information and belief that Ms. Moye

is a con artist whose true intention was to use Plaintiff for her expertise, contacts, labor and money to further her and the band member's careers and that her intent was malicious from the onset. Plaintiff is the individual who provided everything the band needed to get started including the funds for the first couple of tours. Without Plaintiff the band would not exist. Yet, Defendants Leonardi, Moye, GSR, and Doe Defendants did nothing but exploit Plaintiff, paying her zero for services and work performed on the band's behalf, than retaliated against her when she asked for some of the money stolen from and due her.

23. On or about, September, 2015, the book Publisher cancelled its plans to publish Ms. O'Neill's book. Ms. O'Neill subsequently took the book off the market, and, on or about October, 2015, asked, then demanded that Ms. Moye return all materials, including all written text and photographs, and reminded her that Ms. Moye had no ownership of this property. Ms. Moye refused and refuses to return the property.

24. On or about December, 2015, Ms. Moye sold, without Ms. O'Neill's awareness or permission, an excerpt from the book to a magazine and stole and converted all proceeds from the sale and used the money solely for her benefit. Plaintiff alleges upon information and belief that Ms. Moye, without Ms. O'Neill's awareness or permission, also sold excerpts from the book to other media outlets.

25. That each of the Doe Defendants named herein, conspired with one another and with the named Defendants herein to deprive the Plaintiff of her assets, money, and credit as herein alleged and did so with the intent to harm and injure Plaintiff, with full knowledge that its acts and conduct were wrongful, illegal, fraudulent, and deceitful.

26. At all times mentioned herein each of the Doe Defendants was acting as the agent, servant, and employee of Defendants Hedda Moye and Cedric Leonardi, and GSR, and was acting within the course and scope of his or her agency relationship. At such time as the true names of the Doe Defendants are known to Plaintiff, amendment of this complaint will be filed.

**FIRST CAUSE OF ACTION**

**(FOR COPYRIGHT INFRINGEMENT AGAINST DEFENDANT HEDDA MOYE AND**

**DOE DEFENDANTS)**

27. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-26 of this complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants Moye and Doe Defendants, and each of them, accessed the Work through copies of the Work that are illegally in the possession of Defendant Moye.

29. Plaintiff is informed and believes and thereon alleges the Defendants, and each of them, infringed Plaintiff's copyright by importing, creating, making and/or developing directly infringing and/or derivative excerpts and works from the Work by selling, publishing, distributing, selling excerpts and other materials through hard copy and online media outlets.

30. Due to Defendant's infringement, Plaintiff has suffered substantial damages to her business in an amount to be established at trial.

31. Due to Defendants' acts of infringement, Plaintiff has suffered general and specific damages to her business in an amount to be established at trial.

32. Due to Defendants acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Work in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**SECOND CAUSE OF ACTION**

<u>(FOR VICARIOUS AND CONTRIBUTORY INFRINGEMENT AGAINST DEFENDANT</u>

<u>HEDDA MOYE AND DOE DEFENDANTS)</u>

34. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in Paragraphs 1 through 33, inclusive, of this Complaint.

35. Plaintiff is informed and believes and thereon alleges that Defendant Moye and Doe Defendants, and each of them, knowingly participated in, aided and abetted in and resultantly profited from the illegal reproduction, purchase, distribution and/or sales of excerpts from the Work as alleged herein above.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for infringement alleged herein because they had the ability to supervise the infringing conduct and because they had a direct financial interest in the infringing product.

37. By reason of the Defendants', and each of their, acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional general and special damages in an amount established at trial.

38. Due to Defendants' acts of contributory and/or vicarious infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Work. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Work in an amount to be established at trial.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement.

**THIRD CAUSE OF ACTION**

**(FOR FRAUD AGAINST DEFENDANTS HEDDA MOYE AND CEDRIC LEONARDI**

**AND GSR AND DOE DEFENDANTS)**

40. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-39 of this complaint.

41. Dating from at least 2013 to present, Defendants Hedda Moye and Cedric Leonardi have consistently withheld, skimmed and stolen Plaintiff's monies. Defendant Moye borrowed and stole $6,000 from the Plaintiff. Defendant Moye and Defendant Leonardi and Doe Defendants have stolen an additional minimum of $40,000 related to band proceeds in this manner to date.

42. From on or around 2013 to 2015, the Defendant Hedda Moye, who has been revealed to be a con artist, repeatedly made false representations to the Plaintiff to induce her lend her money on behalf of Defendant GSR.

43. At all times alleged herein, Defendants Hedda Moye and Leonardi and the Doe Defendants were acting as employees and agents of GSR and GSR is subsequently vicariously liable for all of the Defendants' wrongful conduct.

44. From on or around 2013 to 2015, the Defendants repeatedly made false representations to the Plaintiff to induce her lend them money on behalf of the band, the Gypsy Sound Revolution (GSR).

45. The Defendants asked to borrow this money from the Plaintiff with the promise to repay the money.

46. Plaintiff alleges upon and information and belief when the Defendants borrowed the money they intended to never pay Plaintiff the money back and knew they would not pay the money back to the Plaintiff.

47. From or around 2013-2015, the Defendants repeatedly made false representations to the Plaintiff to induce her perform work on behalf of GSR, while withholding and stealing the

money Plaintiff was supposed to earn from working on behalf of GSR, in the amount of at least $20,000.

48. The Plaintiff trusted the Defendants as Defendant Moye had a fiduciary relationship with the Plaintiff; Ms. Moye was serving as Ms. O'Neill's agent for purposes of selling the rights to the Plaintiff's book; Ms. Moye was also co-managing with the Plaintiff the band, Gypsy Sound Revolution, and was its sole accountant and was also a financial officer of GSR; Ms. Moye as agent for Ms. O'Neill and as co-manager/accountant of the band, was in fiduciary relationship to Ms. O'Neill; Cedric Leonard was a partner/member of the band and also had Plaintiff's trust.

49. The Defendants repeatedly told Ms. O'Neill that they would personally repay the $20,000 that they borrowed from the Plaintiff to pay for the band tours; on or around, 2015, the Defendants began promising the Plaintiff that the band GSR would repay the money to the Plaintiff; band members and the GSR manager also informed the Plaintiff that she would be repaid the money through band proceeds.

50. The Plaintiff was never given her money. The Plaintiff suffered harm in that she lost $6,000 that she lent to Ms. Moye, and at least $40,000 related to band proceeds ($20,000 from money not paid back, $20,000 from money skimmed) due to the fraud of the Defendants.

51. That the Plaintiff's reliance on the Defendants' false representations was a substantial factor in causing harm to the Plaintiff; the Plaintiff never would have handed this money to the defendants if they had not made their false representations to her.

52. As a direct and proximate result of the false representations and dishonest conduct of the Defendants, Plaintiff has suffered the loss of at least $46,000.

53. As a direct and proximate result of the misrepresentations of the Defendants, Plaintiff is entitled to punitive damages.

### FOURTH CAUSE OF ACTION

### (FOR CONVERSION AGAINST DEFENDANTS HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS)

54. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-53 of this Complaint.

55. That Plaintiff had the right to possession of her own money, in the amount of $46,000.

56. Defendants Hedda Moya and Cedric Leonardi and Doe Defendants intentionally took moneys from Plaintiff for their own personal use. Defendants were aware that they had no right to use these funds for their own personal benefit and did so without the personal knowledge and consent of the Plaintiff.

57. That the Defendants' substantially interfered with the Plaintiff's property by taking possession of $46,000 that belonged to the Plaintiff, and would not give Plaintiff access to the money.

58. After making many promises to pay the Plaintiff the money they owed her, the Defendants refused to return the money to the Plaintiff after the Plaintiff demanded its return.

59. Defendants Moye and Leonardi stole Plaintiff's money on behalf of and as agents of GSR, whose members were fully informed of the conversion. Doe Defendants initially took responsibility for the band's debts to the Plaintiff and GSR represented that GSR would pay Plaintiff her money; then GSR reneged on their promises and refused to pay Plaintiff out of band proceeds. Instead of paying the Plaintiff her money, the band members and manager allowed Defendants Moye and Leonardi to punish the Plaintiff for asking for the stolen money and ousted her from the band.

60. As a direct and proximate result of the conduct of the Defendants, as alleged herein, the harm to the Plaintiff included the loss of at least $46,000.

61. That the Defendant's malicious conduct was a substantial factor in causing harm to the Plaintiff.

62. As a direct and proximate result of the conduct of the Defendants, as alleged herein, Plaintiff is entitled to punitive damages.

**FIFTH CAUSE OF ACTION**

**(FOR BREACH OF FIDUCIARY DUTY AGAINST DEFENDANT HEDDA MOYE AND DOE DEFENDANTS)**

63. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-62 of this Complaint.

64. As co-manager and accountant for GSR, and as agent for Plaintiff, Defendant Hedda Moye, and DOE DEFENDANTS, had a fiduciary duty to the Plaintiff. As fiduciaries, the Defendants owed Ms. O'Neill duties of reasonable care, loyalty, and confidentiality.

65. The Defendants perpetrated a scheme of deliberate dishonesty involving the forging of documents, hiding monies earned by Plaintiff, not paying back loans from Plaintiff, and other wrongful acts designed to misuse the Plaintiff's funds for their own personal benefit.

66. The Defendant's conduct as alleged herein constituted a breach of fiduciary duty to Plaintiff to properly use and manage the Plaintiff's funds.

67.  The Defendants' breach of fiduciary duties was the proximate cause of damages to Plaintiff, in the amount of at least $40,000, but is subject to proof at trial.

**SIXTH CAUSE OF ACTION**

**(FOR ACCOUNTING AGAINST DEFENDANTS HEDDA MOYE AND GSR AND DOE DEFENDANTS)**

68. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-67 of this Complaint.

69. Defendant Hedda Moye, and Doe Defendants, have as agents of GSR seized exclusive control over accounting over monies spent and monies earned by the band, GSR; Ms. Moye has refused to provide Plaintiff with an accounting of bank finances; members of the Defendant band also refuse to give an accounting.

70. Plaintiff was entitled by contract to receive 10% of earnings of GSR; Plaintiff has not received any monies at all from GSR proceeds; Plaintiff has been cheated out of at least $40,000 of band proceeds by Defendant Moye.

71. As agent for the sale of the Work, Defendant Moye was in charge of accounting for proceeds. The Defendant refused to provide accounting to the Plaintiff for proceeds from the sale of "right of first refusal" rights to a Magazine publication, for publication of excerpts from the Plaintiff's biography.

72. After being terminated as agent, Ms. Moye sold, without Ms. O'Neill's awareness or permission, an excerpt from the Work to another Magazine and stole and converted all proceeds from the sale and used the money solely for her benefit; Ms. Moye has not provided Plaintiff with an accounting of proceeds and refuses to do so. Plaintiff alleges upon information and belief that Ms. Moye, without Ms. O'Neill's awareness or permission, also sold excerpts from the book to other media outlets, and has provided no accounting for these unlawful sales.

73. Plaintiff alleges upon information and belief that Defendant Moye has been hiding company finances, and has been doctoring company records.

74. Plaintiff asks the Court to require Defendant Hedda Moye and Doe Defendants, including any band members, to account for the use and management of all funds, revenue, income, investments received since January 1, 2013 for GSR and the Plaintiff's book, the Work.

75. Plaintiff requests that Defendant Hedda Moye, and Doe Defendants be required to pay all expenses, costs, and fees, including attorney's fees, accountant and auditor's fees incurred to prepare and submit to this court an accounting; and that said Defendants be restrained from using GSR funds or proceeds from the unlawful sales of excerpts or photographs from the book to defend Ms. Moye and Co-Defendants in this action.

## SEVENTH CAUSE OF ACTION

### FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST DEFENDANTS HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS

76. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-75 of this Complaint.

77. At all relevant times, Defendants Hedda Moye and Cedric Leonardi and Doe Defendants knew about the existence of the contract between Plaintiff and GSR for Plaintiff to co-manage GSR.

78. Plaintiff is informed and believes and thereon alleges that, in an effort to interfere with Plaintiff's rights to co-manage GSR, Defendants unilaterally, without Plaintiff's permission, appointed a new manager of the band and reduced Plaintiff's role to assistant manager.

79. From 2013-2015, Defendants withheld all pay from Plaintiff; Plaintiff should have earned a minimum of $20,000 from her share of the profits; instead of paying the Plaintiff what she earned, the Defendants doubled down and stole an additional $20,000, the $20,000 that they borrowed from the Plaintiff but never repaid.

80. On or around December 8, 2015, Defendant Moye attempted to intimidate Plaintiff into accepting the Defendants' theft of her monies, sending Plaintiff a letter demanding that Plaintiff cease and desist in asking for return of funds, with a claim by Moye that Moye's theft of Plaintiff's money was somehow causing her distress.

81. Defendants engaged in the conduct alleged herein with the intent to harm Plaintiff, and to make the contractual relationship between Plaintiff and GSR less financially lucrative to Plaintiff.

82. As a proximate result of the conduct of Defendants Moye and Leonardi and Doe Defendants Plaintiff was damaged in an amount in excess of $40,000, the exact amount of which will be proven at time of trial.

83. The conduct of Defendants Moye and Leonardi as alleged herein was purposeful and intentional and was engaged in for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct, and was performed with fraud, oppression, or malice so as to justify an award of exemplary or punitive damages against such Defendants in an amount according to proof at trial.

## EIGHTH CAUSE OF ACTION

### FOR INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST DEFENDANT HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS)

84. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-83 of this Complaint.

85. Prior to engaging in the aforementioned conduct, Defendants Moye and Leonardi and Doe Defendants, were fully aware that Plaintiff had a business relationship with GSR which was very likely to result in an economically-advantageous relationship between Plaintiff and GSR and its band members.

86. Defendants engaged in the conduct alleged above with the intent to interfere with an/or destroy the economically-advantageous relationship between Plaintiff and GSR. Defendants retaliated against Plaintiff after she asked for the money stolen from her to be returned.

87. Plaintiff is entitled to 10% of band proceeds. As a proximate result of the conduct of the Defendants, Plaintiff has been damaged in the excess of over $100,000 in future earnings that Ms. O'Neill would have realized from a continuing relationship with GSR.

88. The conduct of Defendants Moye and Leonardi as alleged herein was purposeful and intentional and was engaged in for the purpose of depriving Plaintiff of property or legal rights or otherwise causing injury and was despicable conduct, and was performed with fraud, oppression, or malice so as to justify an award of exemplary or punitive damages against such Defendants in an amount according to proof at trial.

## NINTH CAUSE OF ACTION

### BREACH OF CONTRACT AGAINST DEFENDANTS HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS)

89. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-88 of this Complaint.

90. The agreement between Plaintiff and Defendant Moye and GSR is a valid and enforceable contract for Ms. O'Neill to co-manage the band.

91. At all relevant times, Defendants Hedda Moye and Cedric Leonardi and GSR and Doe Defendants knew about the existence of the contract between Plaintiff and GSR for Plaintiff to co-manage GSR.

92. The Plaintiff performed as promised in the agreement to co-manage GSR and to the utmost extent possible Plaintiff fulfilled each and every term of the contract.

93. However, as described herein, the Defendants breached the contract by withholding Ms. O'Neill's earnings in the amount of at least $20,000, by reducing her role without her permission, by refusing to reimburse $20,000 Plaintiff was asked to lend to GSR, by depriving Ms. O'Neill of at least $100,000 in future earnings, and by forcing her out of the band in retaliation for her asking for monies stolen and/or withheld from her to be given to her.

94. Defendant Moye also breached the contract and violated her obligations to GSR and Plaintiff by failing to perform her duties, engaging in grossly negligent conduct, misappropriating GSR assets and engaging in other acts of malfeasance and unlawful conduct.

95. As a proximate result of the Defendants' conduct, Plaintiff has suffered damages believed to be in excess of $140,000, with the exact amount to be proven at trial.

## TENTH CAUSE OF ACTION

### (FOR CONSTRUCTIVE TRUST AGAINST DEFENDANTS HEDDA MOYE AND DOE DEFENDANTS)

96. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-95 of this Complaint.

97. Defendants should be declared constructive trustees for all of the monies stolen, diverted, mismanaged, misdirected into their own accounts and for their own personal use.

## ELEVENTH CAUSE OF ACTION

## DECLARATORY AND INJUNCTIVE RELIEF AGAINST DEFENDANT HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS)

98. Plaintiff repeats and re-alleges as though fully set forth herein each and every allegation contained in paragraphs 1-97 of this Complaint.

99. Plaintiff contends that Defendants have violated copyrights to the Work.

100.   Defendants have no right, title, or interest in the Work, and are prohibited from using or permitting others to use the Work or materials, such as excerpts and photographs from the Work.

101.   Plaintiff requests preliminary and permanent injunctive relief. As set forth herein, Defendants should be permitted from using excerpts and any other materials from the Work in any manner.

102.   Defendants should be ordered to destroy all digital copies of the Work in its possession and to return all "hard copy" Work materials in its possession to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment against Defendants and each of them as follows:

FIRST CAUSE OF ACTION: COPYRIGHT INFRINGEMENT AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS

1.   The Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2.   The Plaintiff should be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3. That Plaintiff be awarded attorney's fees as available under Copyright Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. The Plaintiff be awarded the costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

SECOND CAUSE OF ACTION: VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGMENT AGAINST HEDDA MOYE AND DOE DEFENDANTS

1. The Defendants, their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;

2. The Plaintiff should be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

3. That Plaintiff be awarded attorney's fees as available under Copyright Act, 17 U.S.C. § 101 *et seq.*;

4. That Plaintiff be awarded pre-judgment interest as allowed by law;

5. The Plaintiff be awarded the costs of litigation; and

6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

THIRD CAUSE OF ACTION: FRAUD AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS

1. Damages for fraud in the amount of $46,000, or according to proof.

2. For interest at the maximum legal rate.

3. For punitive damages in the amount of $100,000.

4. For attorney's fees according to proof.

5. For costs of suit.

6.  For such other and further relief as the Court deems just and proper.

FOURTH CAUSE OF ACTION: CONVERSION AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS

1.  For the return of all funds converted by the Defendants from Plaintiff, in the amount of $46,000, or according to proof.
2.  For damages for conversion believed to be about $46,000, or according to proof.
3.  For interest at the maximum legal rate.
4.  For punitive damages in the amount of $100,000.
5.  For attorney's fees according to proof.
6.  For costs of suit.
7.  For such other and further relief as the Court deems just and proper.

FIFTH CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY AGAINST HEDDA MOYE AND DOE DEFENDANTS

1.  For damages sustained by Plaintiff for Breach of Fiduciary Duty in the amount of $46,000 taken illegally from Plaintiff, or according to proof.
2.  For interest at the maximum legal rate.
3.  For punitive damages in the amount of $100,000.
4.  For attorney's fees according to proof.
5.  For costs of suit according to proof.
6.  For such other and further relief as the Court deems just and proper.

SIXTH CAUSE OF ACTION: ACCOUNTING AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS

1. For an accounting of all monies earned, generated by GSR and earned on behalf of the Work, in the amount of at least $46,000 taken illegally from Plaintiff, or according to proof.
2. For interest at the maximum legal rate.
3. For costs of suit and attorney's fees according to proof.
4. For all necessary costs and expenses including accountants, auditors and other personnel required to provide an accounting.
5. For such other and further relief as the Court deems just and proper.

SEVENTH CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS

1. For damages according to proof at time of trial.
2. For prejudgment interest at the maximum legal rate.
3. For costs of suit.
4. For punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.
5. For such other and further relief as the Court deems just and proper and as may be permitted by law.

EIGHTH CAUSE OF ACTION: INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS

1. For damages according to proof at time of trial at a minimum of $100,000.
2. For prejudgment interest at the maximum legal rate.

3. For costs of suit.

4. For punitive damages in an amount sufficient to punish Defendants and deter others from engaging in similar misconduct.

5. For such other and further relief as the Court deems just and proper and as may be permitted by law.

NINTH CAUSE OF ACTION: BREACH OF CONTRACT AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS

1. For general, incidental and consequential damages within the jurisdictional limits of this Court.

2. For pre- and post - judgment interest at the maximum legal rate.

3. For costs of suit.

TENTH CAUSE OF ACTION: CONSTRUCTIVE TRUST AGAINST HEDDA MOYE AND CEDRIC LEONARDI AND GSR AND DOE DEFENDANTS

1. That Defendants be declared constructive trustees for all of the funds diverted, mismanaged, wasted, and converted from Plaintiff. That all such funds be held in trust for Plaintiff and subject to the supervision of the Court. That Defendants be required to account for all funds, regardless of where the funds are located, and that Defendants be charged to hold said funds for the benefit of Plaintiff with all of the duties and responsibilities imposed upon a trustee by law.

2. For costs of suit and attorney's fees according to proof.

3. For such other and further relief as the Court deems just and proper.

1  ELEVENTH CAUSE OF ACTION: DECLARATORY AND INJUNCTIVE RELIEF AGAINST

2  HEDDA MOYE AND CEDRIC LEONARDI AND DOE DEFENDANTS

3

4  1.  For injunctive and declaratory relief as set forth herein.

5

6  REQUEST FOR JURY TRIAL

7

8  Dated this April 27, 2016

9                                        THE LAW OFFICES OF VINCENT MILLER

10

11  _____

12                                        VINCENT MILLER

13                                        Attorney for Plaintiff, Jennifer O'Neill

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2                                    **VERIFICATION**
3    State of California              )
4                                     )          ss.
5    County of Los Angeles            )
6
7    I, the undersigned, certify and declare that I have read the foregoing:
8
9    COMPLAINT
10
11   I know its contents. The matters stated in the document described above are true of my own
12   knowledge and belief, except as to those matters which are stated on information and belief, and
13   as to those matters I believe them to be true. Executed, April 27, 2016, at Los Angeles,
14   California.
15
16   I declare, under penalty of perjury of the laws of the State of California that the foregoing is
17   true and correct.
18
19
20          _____
21                     PLAINTIFF JENNIFER O'NEILL
22
23
24
25
26
27
28

**VERIFICATION**

State of California          )

                             )          ss.

County of Los Angeles        )

I, the undersigned, certify and declare that I have read the foregoing:

COMPLAINT

I know its contents. The matters stated in the document described above are true of my own knowledge and belief, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true. Executed, April 27, 2016, at Los Angeles, California.

I declare, under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

_____

PLAINTIFF JENNIFER O'NEILL